UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:25-cv-03575-WLH-SSC | Date | November 18, 2025 |
|---|---|---|---|
| Title | *Miltita Casillas v. Rocky Brands, Inc.* | | |

| Present: The Honorable | WESLEY L. HSU, United States District Judge | |
|---|---|---|
| Holidae Crawford | | None |
| Deputy Clerk | | Court Reporter |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:   (IN CHAMBERS) ORDER RE DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS [32]**

The Court is in receipt of Defendant's Motion for Judgment on the Pleadings ("Motion"). (Mot. for Judgment on the Pleadings ("Mot."), Dkt. No. 32). Prior to oral argument, which was set for November 14, 2025, all parties submitted on the Court's tentative order, which is now adopted as a final order. For the reasons explained herein, the Court **GRANTS** the Motion and **DISMISSES** Plaintiff's action with prejudice.

I.   BACKGROUND

In this consumer class action, Plaintiff Miltita Casillas brings claims under California's False Advertising Law ("FAL") and Consumer Legal Remedies Act ("CLRA") against Defendant Rocky Brands, Inc. for advertising fictious prices and "phantom discounts" for boots sold through Defendant's websites. (*See generally* First Amended Complaint, Docket No. 24). The Court previously outlined the particular facts of this case in its July 14, 2025, Order on Defendant's first Motion for Judgment on the Pleadings (the "First Motion"). (*See* Order Re Motion for Judgment on the Pleadings ("First MJOP Order"), Dkt. No. 22 at 1-2). The Court granted Defendant's First Motion without prejudice, enabling Plaintiff to file their First Amended Complaint ("FAC") on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

August 13, 2025.  (*See* FAC, Dkt. No. 24).  Defendant brought the instant Motion to dismiss Plaintiff's FAC on October 3, 2025.  (*See generally* Mot.).  Plaintiff timely opposed the Motion.  (*See* Opp'n, Dkt. No. 33).[1]  Defendant timely replied.  (Reply, Dkt. No. 35).[2]

## II. DISCUSSION

### A. Legal Standard

After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c) ("Rule 12(c)").  A motion for judgment on the pleadings under Rule 12(c) is "functionally identical" to a motion to dismiss under Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)"), and the "principal difference . . . is the time of filing." *Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).

In deciding a Rule 12(b)(6) motion or 12(c) motion, a court must construe the complaint in the light most favorable to the plaintiff, accept all allegations of material fact as true, and draw all reasonable inferences from well-pleaded factual allegations.

---

[1] Plaintiff argues this Motion is an improper motion for reconsideration of the Court's First MJOP Order.  (Opp'n at 3).  The Court disagrees.  Defendant is entitled to file a second Motion for Judgment on the Pleadings and renew some of the same arguments as they relate to the FAC—an entirely new pleading.

[2] Plaintiff additionally accuses Defendant's counsel of violating the meet-and-confer requirement of Local Rule 7-3.  However, the Court finds that counsel's call on August 22, 2025, and related email exchange were sufficient to meet the requirements of the Local Rule. (*See* Declaration of McDaniel M. Kelly, Dkt. No. 35-1).  Defendant's counsel notified Plaintiff's counsel of the "deficiencies in the pleadings" associated with Plaintiff's "inability to show reliance sufficient to establish a claim sounding in fraud" ahead of their call.  (*Id.*, Ex. A).  The Court declines to engage in Plaintiff's counsel's "gotcha" game simply because Defendant's counsel did not explicitly label it as a Motion for Judgment on the Pleadings in their email correspondence, especially when it could very well have been stated during the call between both counsel.  The Court does, however, encourage the parties to make efforts to avoid confusion related to motion practice and the meet-and-confer rule in the future.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

*Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002). Courts must also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rts., Ltd.*, 551 U.S. 308 (2007).

Plaintiffs typically need only provide sufficient factual material to "plausibly" state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. 544, 570 (2007)). When a plaintiff alleges claims that "sound in" or are "grounded in fraud," however, Rule 9(b) imposes a heighted pleading standard. Under Rule 9(b), plaintiffs must "state with particularity the circumstances constituting fraud," Fed. R. Civ. P 9(b), including the "who, what, when, where, and how" of the fraudulent activity. *United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047; *Vess v. Ciba–Geigy Corp. USA*, 317 F.3d 1097, 1102–06 (9th Cir. 2003). Allegations of deceptive pricing "sound in fraud" and are subject to Rule 9(b)s heightened pleading standard. *Ostrovskaya v. St. John Knits, Inc.*, No. CV213243DMGPVCX, 2022 WL 2102895, at *2 (C.D. Cal. Mar. 31, 2022) (citing *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009)).

**B.    Analysis**

Plaintiff's original complaint,[3] which Defendant removed from state court (*see* Notice of Removal, Dkt. No. 1), included the following verified allegation:

> Plaintiff's counsel routinely monitored the Product's sales price on Defendant's Website in the period between the two dates referenced in the preceding paragraphs, and has confirmed that the Product purchased by Plaintiff was not offered for sale on Defendant's Website primarily at the reference price during that

---

[3] Because Plaintiff "swore to [the] veracity" of the allegations in their original complaint, and "because any subsequent complaint must only allege facts consistent with prior pleadings," the court will take judicial notice of the original complaint. *Wong v. Flynn-Kerper*, No. 18-cv-04468-SJO-AFM, 2019 WL 4187375, at *4 & n.2 (C.D. Cal. May 16, 2019).

**CIVIL MINUTES - GENERAL**

period, such that the reference price was not the "prevailing price" for the Product during the period. (Complaint, Dkt. No. 1-1 ¶ 12).

In their First Motion, Defendant argued that paragraph 12 reflects that Plaintiff *knew* of allegedly deceptive pricing before buying the boots such that she could not have reasonably relied on the alleged deceptive pricing. (First Mot. at 13-14). Plaintiff contended that paragraph 12 is intended to convey that Plaintiff's counsel investigated historical pricing of the boots after the Plaintiff purchased the boots. (Opp'n to First Mot. at 4-5). In its First MJOP Order, the Court "encourage[d] Plaintiff to clarify this paragraph in any amended complaint." (First MJOP Order at 5 n.2).

Plaintiff's FAC omitted the language of paragraph 12 entirely. (*See* FAC at 4-5). Defendant argues that this "failure to include (or *clarify*) this paragraph" allows Plaintiff to "obscure" the fact that she cannot demonstrate actual reliance, as required of claims that "sound in fraud." (Mot. at 13-14). Plaintiff disputes this accusation of gamesmanship, arguing that paragraphs 13 and 14 of the FAC clarify "Plaintiff's counsel's extensive use of the Wayback Machine to document Defendant's pricing history of the Product after Plaintiff's purchase of the Product." (Opp'n at 6). But what Plaintiff declines to clarify is how these allegations square with the initial complaint's language that "Plaintiff's counsel routinely monitored the Product's sales price *on Defendant's Website*"—not the Wayback Machine—throughout the period *prior* to Plaintiff's purchase of the boots. (Compl. ¶¶ 8-12) (emphasis added). Compare that with Plaintiff's revised allegations in paragraphs 13 and 14 of the FAC that note the Wayback Machine was used by Plaintiff's counsel "*subsequent to* Plaintiff's purchase of the Product." (FAC ¶¶ 13-14) (emphasis added). Those monitoring activities occurred at distinct moments in time—once before Plaintiff's purchase and once after.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Because a plaintiff "cannot amend pleadings to directly contradict an earlier assertion made in the same proceeding.," *Airs Aromatics, LLC v. Victoria's Secret Stores Brand Mgmt., Inc.*, 744 F.3d 595, 600 (9th Cir. 2014), the Court must consider the language in paragraph 12 of the original Complaint. Accordingly, the Court understands Plaintiff's counsel—and by extension, Plaintiff—to have known the alleged misrepresentation was false prior to Plaintiff purchase. Plaintiff cannot plausibly claim that she was motivated to purchase the product based on the falsity of defendant's statement if she knew it was false in the first place. That is fatal for Plaintiff's showing of actual reliance, as required by California's FAL and CLRA, and therefore fatal for her claims. *See Kwikset Corp. v. Sup. Ct.*, 51 Cal.4th 310, 326–27, 120 Cal.Rptr.3d 741, 246 P.3d 877 (2011) (holding that actual reliance is required to have standing to sue under the UCL or FAL); *see also Cohen v. DIRECTV, Inc.*, 178 Cal.App.4th 966, 973, 101 Cal.Rptr.3d 37 (2009) (holding the same for the CLRA). The Court does not view this to be a curable defect by future amendments.

**III. CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Defendant's Motion and **DISMISSES** the action with prejudice.

**IT IS SO ORDERED.**